315 So.2d 907 (1975)
Phillip James DODDS
v.
Lavida Williams MANNING et al.
No. 10380.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
*908 A. Clayton James, Jr., Franklinton, for appellant.
John W. Anthony, Bogalusa, for appellees.
Before SARTAIN, ELLIS and BARNETTE, JJ.
ELLIS, Judge:
This is a boundary action. Plaintiff is Phillip James Dodds. Defendants are Lavida Williams Manning, Frank W. Manning, Jr., and Ronnie Manning, who are the widow and heirs of Frank W. Manning. Plaintiff is the owner of a parcel of ground located in the East half of the Northeast quarter of the Section 34, Township 3 South, Range 13 East. Defendants own a parcel of ground in the West half of the Northeast quarter of the same section. Between the said properties lies the roadbed of the old Covington-Bogalusa Highway, the centerline of which is the line dividing the East half of the Northeast Quarter of Section 34 from the West half.
It is plaintiff's contention that the Highway was abandoned by resolution of the Washington Parish Police Jury in 1969, and that title to the roadbed vested in the adjacent landowners at that time. He claims that the proper boundary between his property and the Manning property is the centerline of the roadbed.
The defendants claim that there is no evidence in the record to indicate that the Highway was ever dedicated to the public, or that the state or any of its subdivisions ever enjoyed the full ownership thereof. They allege that actual use of the road by *909 the public stopped many years prior to 1934, and that any servitude which the public had enjoyed, either through use or through maintenance of the road, had been lost for many years through nonuse. They claim ownership of the bed of the entire road under the prescription of 30 years provided by Article 852 of the Civil Code alleging physical possession of the roadbed by fencing, grazing and maintenance thereof by themselves and their ancestor in title.
After trial on the merits, judgment was rendered in favor of the defendants, recognizing their ownership of the roadbed to the limit of their possession, which the trial judge found to be a line 2.75 feet west of and parallel to the east line of the roadbed. From that judgment, plaintiff has appealed.
Neither plaintiff nor defendants hold record title to any part of the roadbed, although plaintiff's deed of acquisition contains the following provision:
"Vendor further conveys all his right, title and interest in and to that certain road running north and south and being on the extreme west side of the above described property; which said road was never opened and abandoned by the Police Jury of this parish."
Plaintiff's vendor, Jimmie E. Strahan, had not title to any part of the roadbed and therefore could convey none. Defendants' title states that their property is bounded on the east by the west line of the "old abandoned Bogalusa-Covington highway".
The last record owners of the roadbed were Murphy R. Williams, who had title to the west half thereof, and Caston Realty Company, Inc., which had title to the east half.
The ownership of the bed of a road may vest in the public by a formal dedication thereof by the owner to the public use. An implied dedication to the public may take place if a subdivision plat is filed for record and sales of lots are made therefrom. Full ownership of a roadbed may be acquired by the public by purchase or expropriation. Absent any of the above circumstances, however, the soil under roads used by the public belongs to "the owner of the land on which they are made". Article 658, Civil Code; Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1 Cir. 1967); Hatch v. Arnault, 3 La.Ann. 482 (1848).
The record in this case is devoid of any evidence to show that there was ever any dedication to the public, express or implied, or any other type of acquisition by the public of the bed of the old Covington-Bogalusa highway. We conclude from the record that the greatest right the public could have over the roadbed was a servitude of passage, and that record title to the roadbed was, as of the time of the institution of this suit, vested in Murphy R. Williams and Caston Realty Company, Inc. Whatever property rights the parties to this suit might have to the roadbed could only be acquired from or adversely to the record owners thereof. Neither of the parties hereto make any pretense of having done so.
Under Article 823 of the Civil Code, the action of boundary will lie only when the properties of the parties are contiguous. Neither plaintiff nor defendant holds record title to the roadbed, nor have they established any prescriptive title thereto against the proper parties. We therefore find that their properties are not contiguous, that the boundary action is therefore not available to them, and that no justiciable controversy is presented to us by the record on appeal.
There will therefore be judgment herein rejecting the demands of all parties hereto, and dismissing both the main and reconventional demands. All costs are to be borne equally by plaintiff and defendants.
Reversed and rendered.