Dear Mr. Hebert:
Your request of July 15, 1993 for an opinion relative to Cajun Dome Boulevard, Phase II, (hereinafter "street") has been referred to me for research and reply.
As I appreciate the situation, lands immediately adjacent to Tanglewood Terrace Subdivision in Lafayette were originally dedicated by University of Southwestern Louisiana (USL) to the City of Lafayette for the purpose of construction of the street.
In response to protest by the adjacent landowners, the street was moved twenty-four (24') feet further away from the easterly property line of the subdivision than originally intended, with USL dedicating the additional right of way necessary to accommodate the relocated street. For various reasons, the City, USL and the subdivision residents now mutually desire to transfer the twenty-four (24') foot buffer strip of land to the residents of the subdivision. You advise that neither the City nor USL desire to undertake the maintenance of the strip, nor do they wish to assume any related liabilities. The landowners desire to use the buffer area between the road and the property, so as to minimize the noise, trash, and general nuisance associated with the street.
Several solutions have been proposed, all of which ultimately involve a direct transfer of title to the landowners, either by USL or the City. Therefore, the threshold question involves the legality of such a transfer.
In the writers opinion, while Louisiana law clearly provides for sale or other disposition of immovable property which has become useless or burdensome, there is no provision for a direct transfer under the circumstances herein presented. Moreover, such a transfer to the private subdivision owners could well run afoul of the provisions of Article VII, Section 14(C) of the Louisiana Constitution, prohibiting public funds or property from being used for a private purpose.
Inasmuch as the property may not be transferred without resort to the statutory formalities, we will not address the intermediate measures of transferring the underlying interest of USL to the City of Lafayette. Rather, we will suggest an alternative for the City of Lafayette, that of an abandonment to USL under LSA R.S. 48:701. This would allow the university to recover the same property it dedicated to the street right-of-way. Section 701 states in its entirety:
 The parish governing authorities and municipal corporations of the state, except the parish of Orleans, may revoke and set aside the dedication of all roads, streets, and alleyways laid out and dedicated to public use within the respective limits, when the roads, streets, and alleyways have been abandoned or are no longer needed for public purposes.
 Upon such revocation, all of the soil covered by and embraced in the roads, streets, or alleyways up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto.
 Nothing in this Section shall be construed as repealing any of the provisions of special statutes or charters of incorporated municipalities granting the right to close or alter roads or streets.
The situation presented for review fits squarely under Section 701. USL dedicated the original right-of-way, but later opted to move the road away from the property line. In order to accommodate the move, the right-of-way was expanded. The City of Lafayette retained the right-of-way to the twenty-four (24') foot strip, but it is of no further use, and in fact poses a burden for the city. Under such circumstances, the city is clearly within its rights under Section 701 to simply revoke the dedication and rid of itself of the burden. No concurrence of USL is necessary. As owner of the underlying soil, USL would then become the owner free of any servitude. At that point, USL could deal with the situation as it sees fit.
The above conclusion is based on your assurances that only a servitude was originally granted to the City of Lafayette by USL. A revocation under R.S. 48:701 is appropriate regardless of the nature of the grant. However, the provision with respect to reversion of ownership to the contiguous landowners has been held to apply only where full ownership of a roadbed, as distinguished from a servitude, has been granted to the municipality. Where only a servitude is granted, the rights become vested in the owner of the underlying land, in this instance, USL. Dodds v. Manning 315 So.2d 907 (La.App. 1st Cir. 1977). See also Yiannopolos, Louisiana Civil Law Treatise, Vol. 2, Property, Section 105.
SUMMARY
Simply put, a municipality may not sell immovable property without conformance to the general laws relative to the sale of public property. However, a municipality may easily rid itself of an unwanted servitude or road dedication by simply abandoning same, according to law. It seems clear that the abandonment is the most efficient means of achieving the goals of the city.
In this instance, as we understand the facts you have given us, revocation of the twenty-four (24') foot servitude used as a buffer strip adjacent to Tanglewood Terrace subdivision will result in USL having full ownership of the buffer strip unencumbered by a servitude.
I hope the above and foregoing adequately addresses your concerns. Should you require any clarification or additional information, please do not hesitate to contact the undersigned.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: CHARLES ST. DIZIER Assistant Attorney General
CSD/scp